# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**MAURICE SYMONETTE,**

    **Plaintiff,**

vs.                                Case No. 4:24-CV-34-MW-MAF

**ANDREW DENEEN,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Maurice Symonette, a non-prisoner *pro se* litigant, filed a complaint with this Court followed by an amended complaint. ECF Nos. 1, 6. The Court liberally construed Plaintiff's filing as an attempt to file a complaint pursuant to 42 U.S.C. § 1983. Id.; See Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)). Plaintiff also filed a request for a summons. ECF No. 5.

Even though Plaintiff paid the requisite filing fee, ECF No. 4, a district court has the inherent authority to dismiss a frivolous complaint *sua sponte* prior to service. See Wilkerson v. Georgia, 618 F. Appx. 610, 611 (11th Cir. 2015); Cuyler v. Aurora Loan Services, LLC, 2023 U.S. App. LEXIS 27130 at *1 | 2012 WL 10488184 (11th Cir. 2012). For the reasons stated below, a summons should not be issued; and this case should be dismissed without

prejudice for Plaintiff's failure to state a claim upon which relief can be granted and for lack of federal subject matter jurisdiction.

## I. Plaintiff's Amended Complaint, ECF No. 6.

Plaintiff's initial complaint, ECF No. 1, was not on the proper form; the same is true of the amended complaint. The court will not accept a complaint from a *pro se* litigant that is not on the required form. See N.D. Fla. Loc. R. 5.7(A) ("… The court need not – and ordinarily will not – consider a petition, motion or complaint that is not filed on the proper form."). Notwithstanding the complaint's procedural deficiencies, the substantive issues with Plaintiff's claims are explained below.

The amended complaint is no model of clarity. To understand Plaintiff's claims, the Court takes judicial notice of Leon County Case No. 2019-CF-1022, State of Florida v. Bembry.[1] Plaintiff claims that he was a defense witness in the Bembry case. ECF No. 6, p. 4.[2] Defendant, an assistant state attorney, prosecuted the Bembry case. Plaintiff alleges that Defendant (1) committed assault and/or battery against Plaintiff and (2) used intimidation with the intent to prevent Plaintiff from testifying in favor of the accused. Id.

---

[1] Fed R. Evid. 201.

[2] State of Florida v. Jason Bremby, Leon County Case No. 2019CF1022, was disposed of on January 31, 2024, following a jury verdict.

Case No. 4:24-CV-34-MW-MAF

As relief, Plaintiff seeks the following: (1) termination of Defendant's employment from the State Attorney's Office; (2) monetary damages for shoulder and arm pain caused by Defendant; (3) removal of Defendant from Jason Bembry's *pending* criminal cases[3]; and (4) a fine in the amount of $1,000,000, payable to Plaintiff for recklessness. Id., p. 4. Ordinarily, a court would grant a plaintiff an opportunity to amend—however, as explained below, it would be futile to do so.

## II.   Lack of Standing for Certain Relief.

Federal Rule of Civil Procedure 8(a)(1) requires "a short and plain statement of the grounds for the court's jurisdiction…" Plaintiff does not indicate the basis for jurisdiction over his claims; rather, he omitted this section from his complaint. Id.  However, a district court may *sua sponte* consider whether it has subject matter jurisdiction over Plaintiff's claims. See Fed. R. Civ. P. 12(h)(3).

Any reliance on the criminal statutes to create a private cause of action is misplaced. See Linda R.S. v. Richard C., 410 U.S. 614, 619 (1973) ("[A] private citizens lack a judicially cognizable interest in the prosecution or

---

[3] Jason Bremby is currently charged in Leon County Case Nos: 2019-CF-1070, 2019-CF-2737, and 2019-CF-2738. However, Defendant is not the assigned prosecutor on these cases. Leon County case information is available at the following URL: https://cvweb.leonclerk.com/public/online_services/search_courts/search_by_name.asp?case_search_type=criminal.

nonprosecution of another"); <u>Otero v. United States Attorney Gen.</u>, 832 F.2d 141 (11th Cir. 1987) (dismissal with prejudice was proper because the Court cannot compel defendants to investigate or prosecute a former Florida State Attorney). <u>see</u> <u>also</u> <u>Love v. Delta Air Lines</u>, 310 F. 3d 1347, 1352-53 (11th Cir. 2002) (stating "[c]riminal statutes generally do not provide a private cause of action").

To the extent Plaintiff demands that the Court direct the State Attorney's Office to "fire[]" Defendant from his official position, this Court lacks the authority to do so. Federal courts lack the authority to interfere with the official duties of judicial officers. <u>Long v. Satz</u>, 181 F.3d 1275, 1278 (quoting <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976)) (noting that "prosecutors performing 'prosecutorial functions' receive absolute immunity and are therefore not subject to suit under 42 U.S.C. § 1983."). Further, the Supreme Court has held that the decision to prosecute generally rests entirely in the prosecutor's discretion. <u>Bordenkircher v. Hayes</u>, 434 U.S. 357, 364 (1978).

Similarly, this Court lacks the authority to grant Plaintiff's request to terminate Defendant from his employment with the State Attorney's Office or to remove Defendant as the assigned prosecutor in any criminal case. The Court is not aware of any legal theory under which it could order the State

Case No. 4:24-CV-34-MW-MAF

Attorney's Office to initiate any disciplinary action against Defendant; and Plaintiff has not provided any such authority.

Additionally, Plaintiff fails to state a claim because in any Section 1983 action, the first essential element is whether the conduct complained of was committed by a person *acting under color of state law*. 42 U.S.C. § 1983. Emphasis added. The Supreme Court recognized prosecutorial immunity in two forms: qualified and absolute immunity. As relevant here, prosecutorial absolute immunity holds that "a prosecutor is immune from liability under § 1983 for his actions 'in initiating a prosecution and in presenting the State's case,' and for actions that are 'intimately associated with the judicial phase of the criminal process.'" Mikko v. City of Atlanta, 857 F.3d 1136, 1142 (11th Cir. 2017) (quoting Imbler, 424 U.S. 409, 430-31 (1976)).

Specifically, a prosecutor's "out-of-court effort to control the presentation of a witness' testimony" is protected by absolute immunity because such acts are "fairly within the prosecutor's function as an advocate." Mikko, 857 F.3d at 1142 (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993)). Plaintiff's factual allegations are scant and do not demonstrate that any of Defendant's conduct, actions, or inactions rise to the level of a constitutional violation. At best, Plaintiff alleges the state torts of battery and/or assault, which are not constitutional violations. Even

assuming Defendant was not entitled to absolute immunity, Plaintiff's claims fail under federal law.

## III. Witness Intimidation Claims—42 U.S.C. § 1985(2).

To the extent Plaintiff seeks to pursue claims of witness intimidation, 42 U.S.C. § 1985(2) provides that:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any *court of the United States* from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person … on account of his having so attended or testified, or to influence the verdict … presentment, or indictment of any grand or petit juror …

Id. Emphasis added.

Witness intimidation claims pursuant to 42 U.S.C. § 1985(2) only applies to instances that occur in federal court. See McAndrew v. Lockheed Martin Corp., 206 F.3d 1031, 1035 n.2 (11th Cir. 2000) (noting that "the phrase 'court of the United States' in § 1985(2) refers only to Article III courts and certain federal courts created by act of Congress, *but not to state courts*."). Emphasis added.

In Kush v. Rutledge, the Supreme Court explained the three-part structure of 42 U.S.C § 1985, which was originally enacted as § 2 of the Civil Rights Act of 1871. 460 U.S. 719, 724 (1983). Of the five broad categories of conspiracies under § 1985, subsection (2) focuses on the intimidation of

witnesses in *federal* judicial proceedings. Id. Only the second portion of § 1985(2) and the fifth category under § 1985(3) "encompass underlying activity that is not institutionally linked to federal interests." Id. at 725. The second portion of § 1985(2) contains limiting language which requires a "'class-based, invidiously discriminatory animus behind the conspirators' action.'" Id. (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

Plaintiff's claim of witness intimidation likely falls under the first portion of § 1985(2) because (1) the alleged incident of intimidation was related to a *state court* proceeding, and (2) Plaintiff has not asserted facts which indicate a conspiracy. Plaintiff only alleges that *one* individual, Defendant, intimidated him. ECF No. 6, p. 4.[4]

## IV. Conclusion and Recommendation.

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 6, be **DISMISSED** for failure to state a claim and for lack of federal subject matter jurisdiction. Dismissal without leave to amend is appropriate because it is futile to amend. This case should be dismissed without prejudice should Plaintiff seek his state tort claims in the proper forum. Finally, it is **RECOMMENDED** that the case be **CLOSED.**

---

[4] Although Plaintiff alleges that "they" attempted to prevent him from testifying, Plaintiff does not provide any facts that two or more persons were involved. ECF No. 6, p. 4. Nonetheless, Plaintiff was a witness in a state case, not a federal case.

Case No. 4:24-CV-34-MW-MAF

IN CHAMBERS at Tallahassee, Florida, on April 10, 2024.

        **s/ Martin A. Fitzpatrick**
        **MARTIN A. FITZPATRICK**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).